IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 2:22-CR-03 |
| | § | JUDGE GILSTRAP |
| BRYAN CASE | § | |

## GOVERNMENT'S MOTION IN LIMINE

The United States, before the beginning of evidence in this case requests that this Court direct the defendant, counsel for the defendant, and all witnesses for the defendant not to mention, refer to, interrogate concerning, or bring to the attention of the jury in any manner, directly or indirectly, any of the below listed matters without first approaching the bench and obtaining a ruling on their admissibility. The specific matters are as follows:

1. Any plea negotiations made with respect to this case or any other case, unless the Court has determined that such is relevant for cross-examination of a witness for purposes of impeachment consistent with Fed. R. Evid. 608 and 609;

2. Any statement, motion, or request regarding discovery;

3. Any statement that any party has filed any pretrial motions, that the Court has held a hearing on any motions, or that the Court has granted or denied any relief requested in any party's motion;

4. Any statement, question, or argument that directly or indirectly intimates that the Assistant United States Attorney(s) for the Eastern District of Texas control(s) the outcome of any case presented to the Grand Jury, including this case or the

scheduling of any trial dates or dockets for any case;

5. Any statement accusing the Assistant United States Attorney(s) of prosecutorial misconduct, ethical violations, or any violation of federal or state law;

6. Any request for the Government to stipulate to any fact or evidence, aside from any agreed stipulation presented to the Court in writing prior to trial;

7. That counsel for the defendant and/or the defendant himself has a personal belief or opinion regarding anything related to this case and/or trial, including, but not limited to, any of the following:

    a. The innocence or lack of guilt of the defendant; the credibility of the defendant; the credibility of the United States' witnesses; and/or the credibility of any evidence the United States presents;

8. Any statement or argument calling, explicitly or implicitly, for jury nullification. This includes, but is not limited to, the following:

    a. Any statement or invitation encouraging the jury not to follow the law and/or the Court's instructions;

    b. Any appeal for pity for the defendant and/or his family; and

    c. Any argument that other individuals were not or are not currently charged with a crime or received a specific punishment in a call for nullification;

9. Any statement asking the jury to stand in the shoes of any defendant or their families, which is improper argument;

10. Any statement about punishment the defendant may face if he were

convicted in this case, including any specific punishment range associated with a specific charge in this case as it relates to the defendant;

11. Any statement regarding collateral consequences to conviction, including but not limited to suspension, exclusion, or debarment from participation in federal programs, suspension or termination of professional licenses, or financial hardship for the defendant or his family;

12. Any comment on the effect this prosecution or possible conviction has had, is having, or will have on the defendant's family or friends;

13. Any statement about or description of conditions in penal institutions;

14. Any reference to specific punishment or guideline range that co-defendants/co-conspirators may have faced, unless the Court determines such is otherwise admissible during cross-examination consistent with Fed. R. Evid. 608 and 609;

15. Any statement that other people, whether witnesses or not, may have been subjects or targets of the investigation, or whose names may come up in testimony or evidence, were not or are not currently charged with a crime or subject to a specific punishment;

16. Any mention that a civil suit or administrative action has, could, or will be filed involving this cause of action, or that there are or may be other adequate civil or administrative remedies available;

17. Improper impeachment of a witness with a statement that witness has neither written nor adopted as his or her own.

The Jencks Act at 18 U.S.C. § 3500 requires the government to furnish the defense with any statement made by a government witness which has been adopted or approved by the witness and which relates to his testimony at trial. The congressional policy behind the Jencks Act was to protect witnesses from being impeached with words that are not their own or are an incomplete version of their testimony. *Palermo v. United States*, 360 U.S. 343 (1957).

Statements made by a witness and summarized by a third person can be *Jencks* material but only if the witness has signed or otherwise adopted or approved them. *United States v. Newman*, 849 F.2d 156 (5th Cir. 1988) (citing *Campbell v. United States*, 365 U.S. 85 (1961)). Adoption or approval requires either that the agent read the entire statement to the witness or that the witness read the statement herself. Then, the witness must manifest her assent by either signing or otherwise approving the statement. *Id*. at 160.

In this case, the agents interviewed witnesses and made notes or wrote reports of the interviews. However, the witnesses have not adopted or approved of the statements. Consequently, the agents' notes and/or reports are not the statements of the witnesses and cannot be used to impeach the witnesses;

18. The United States will make every attempt to bring out on direct examination a witness' criminal convictions or pending charges that could properly be

used for impeachment under Fed. R. Evid. 609.   If the defense believes that there are additional convictions or pending charges that may be used for impeachment, the United States hereby requests that those additional convictions or pending charges be raised outside the presence of the jury so that the United States will have an opportunity to object;

19.     Any extraneous proof of a witness' criminal history if said witness has admitted under examination to said conviction or pending charge.   Extraneous proof includes any facts underlying or supporting a witness's criminal conviction or pending criminal case, which is inadmissible under Fed. R. Evid. 609(b);

20.     Reputation or character testimony concerning any of the United States' witnesses, without first allowing the Assistant United States Attorney(s), outside the presence of the jury, to question such reputation witness to ascertain if he or she possesses the legal qualifications to so testify. This includes, but is not limited to, asking one witness to comment on the credibility of another witness without first approaching the bench;

21.     Any specific instances of conduct of a witness for the purpose of attacking or supporting his or her credibility other than a conviction of a crime as provided in the Fed. R. Evid. 609;

22.     The health condition of the defendant or the health conditions or deaths of any family member of the defendant.

Health conditions of the defendant or his family or the death of a family member are not relevant at trial.   Even if the health condition were relevant, the danger of

unfair prejudice substantially outweighs any probative value under Fed. R. Evid. 403;

23. Specific prior "good" acts of any defendant, which are not relevant to prove or disprove that the defendant committed the offenses charged in this case;

24. Reputation and/or character testimony or evidence concerning the defendant without first allowing the Assistant United States Attorney, outside the presence of the jury, to question reputation or character witnesses to ascertain if he or she possesses the legal qualifications to so testify.

Respectfully submitted,

BRIT FEATHERSTON
UNITED STATES ATTORNEY

*/s/ Lucas Machicek*
LUCAS MACHICEK
Assistant United States Attorney
Texas Bar No. 24064230
110 N. College Ave., Suite 700
Tyler, Texas 75702
Tel: (903) 590-1400
Fax: (903) 590-1439
Lucas.Machicek@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing Government's Motion in Limine was served on counsel of record for defendant via the court's CM/ECF on this the 22nd day of July, 2022.

*/s/ Lucas Machicek*
LUCAS MACHICEK

<u>**CERTIFICATE OF CONFERENCE**</u>

I hereby certify that the government has contacted Buck Files, counsel for defendant, Bryan Case, for the purpose of conferencing pursuant to Local Rule CR-47(a)(3), and he indicated that he is unopposed as a motion *in limine* only.

<u>/s/ *Lucas Machicek*</u>
LUCAS MACHICEK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA   §
                           §
v.                         §        CASE NO. 2:22-CR-03
                           §        JUDGE GILSTRAP
                           §
BRYAN CASE                 §

## <u>ORDER ON GOVERNMENT'S MOTION IN LIMINE</u>

The Court, having considered the Government's Motion in Limine, hereby orders

that said motion as to each matter raised be:

1.   GRANTED _____   DENIED _____ ;
2.   GRANTED _____   DENIED _____ ;
3.   GRANTED _____   DENIED _____ ;
4.   GRANTED _____   DENIED _____ ;
5.   GRANTED _____   DENIED _____ ;
6.   GRANTED _____   DENIED _____ ;
7.   GRANTED _____   DENIED _____ ;
8.   GRANTED _____   DENIED _____ ;
9.   GRANTED _____   DENIED _____ ;
10.  GRANTED _____   DENIED _____ ;
11.  GRANTED _____   DENIED _____ ;
12.  GRANTED _____   DENIED _____ ;
13.  GRANTED _____   DENIED _____ ;
14.  GRANTED _____   DENIED _____ ;
15.  GRANTED _____   DENIED _____ ;
16.  GRANTED _____   DENIED _____ ;
17.  GRANTED _____   DENIED _____ ;
18.  GRANTED _____   DENIED _____ ;
19.  GRANTED _____   DENIED _____ ;
20.  GRANTED _____   DENIED _____ ;
21.  GRANTED _____   DENIED _____ ;
22.  GRANTED _____   DENIED _____ ;
23.  GRANTED _____   DENIED _____ .
24.  GRANTED _____   DENIED _____ .

SIGNED this _____ day of _____, 2022.

_____

HON. RODNEY GILSTRAP
Chief United States District Judge
Eastern District of Texas